## DISPLAY CREATION, INC.

v.

## VERDUCCI CREATIONS, INC.

No. 92–623–Appeal.

Supreme Court of Rhode Island.

Jan. 13, 1994.

Katherine Merolla, Providence.

Thomas DiLuglio, Providence.

### ORDER

This case came before a hearing panel of this court for oral argument on January 11, 1994, pursuant to an order that had directed the appellant to appear in order to show cause why the appeal should not be denied and dismissed. The defendant, Verducci Creations, Inc., had appealed from an order entered in the Superior Court dismissing its appeal from a District Court decision denying the defendant's motion to vacate a default judgment.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. Our examination of the record discloses that neither the District Court judge nor the Superior Court judge committed any abuse of discretion in finding that the defendant did not show that its failure to appear on the date that the matter was assigned for trial was due to excusable neglect on the part of counsel.

Consequently, the appeal of the defendant is denied and dismissed, the order entered in the Superior Court is affirmed.

SHEA, J., did not participate.

■

## In the Matter of Don G. SINESI, Jr. (Lisi).

No. 94–17 M.P.

Supreme Court of Rhode Island.

Jan. 13, 1994.

### ORDER

On January 13, 1994, Chief Disciplinary Counsel filed with this Court a Petition for Interim Suspension which avers that the Respondent has engaged in serious professional misconduct. On January 13, 1994, Disciplinary Counsel and Counsel for Respondent appeared before a Duty Justice. On behalf of the Respondent, his counsel submitted an affidavit consenting to the interim suspension, and agreeing to fully cooperate with Disciplinary Counsel and any Special Master appointed by this Court.

Accordingly, it is ordered, adjudged and decreed that the Respondent Don G. Sinesi, Jr., be and he is hereby suspended from engaging in the practice of law in this State until further order of this Court.

It is further ordered that Nancy A. Palmisciano, Esquire, be appointed a Special Master to take possession of all Respondent's client files and client accounts, to inventory them, and to take whatever steps are necessary to protect the clients' interests. Nancy A. Palmisciano, Esquire, is further enpowered to enter upon Respondent's office premises in order to effectuate this Order.